ITHACA GAS-LIGHT COMPANY, APPELLANT, v. LEONARD
TREMAN AND OTHERS, APPELLANTS.*

HENRY E. BEATLEY, RESPONDENT.

*Mismanagement of corporate affairs by its officers — when a stockholder may bring an
action against the company and them — when he may on his own motion be made a
party defendant to an action brought by the company against its officers — Code of
Civil Procedure, sec. 521.*

APPEAL from an order made at a Special Term, making the
respondent Henry E. Beatley a party defendant in this action upon
his own motion.

Beatley, a stockholder of the plaintiff, commenced an action
against the said plaintiff, a corporation, and the defendants, who are
the president and the treasurer of said corporation. The complaint
in substance charged mismanagement by said president and treas-
urer. To the complaint the defendants in that action demurred,
and thereupon the plaintiff therein discontinued it.

Beatley thereupon, through his attorney, informed Leonard Tre-
man, the president, that the action had been discontinued, because no
demand had been made of the corporation to bring the same; and,
stating the claim of Beatley that the defendant Treman had acted
wrongfully in the execution of their official duties, requested the
president to bring an action, in the name of the corporation, against
himself and the treasurer for the moneys and property thus claimed to
be wrongfully converted by them. The president said that he would
have the corporation sue himself and the treasurer. Beatley after-
wards offered to give a bond of indemnity to the corporation if the offi-
cers would permit him to conduct the action. But this they declined
to do, insisting on employing their own attorney. The president of
the corporation denied that there had been any such wrongful acts
as were alleged by Beatley. Thereupon the corporation commenced
an action by summons against the president and treasurer, in which
the same attorney appeared for the plaintiff as had appeared for the
president, treasurer and corporation in the action by Beatley. The
president and treasurer appeared by an attorney who had acted as

---

* Decided July, 1883.

counsel for all the defendants in the said action by Beatley. Beatley then moved that he be made a party defendant, which motion was granted. From the order granting his motion both plaintiff and defendants appeal.

The court at General Term said: "In *Robinson* v. *Smith* (3 Paige, 233) it is said that if the directors of a corporation refuse to prosecute, by collusion, those who have wasted the funds, or if the corporation be still under the control of those who must be made defendants, then the stockholders may sue, making the corporation a party defendant. To the same effect is Angel and Ames on Corporations, 305. On the principle thus laid down it would seem that Beatley might have maintained the action which he commenced, although he had not made a demand that the corporation should sue. For the corporation was still under the control of those who would have to be defendants and who were alleged to have mismanaged its property.

" But however that may be, if a stockholder, for himself and others, may sue for such mismanagement, where the directors will not, or where they are alleged to be the guilty persons, then it follows that he has an interest in the subject matter. For it is only because the stockholder has an interest in the subject matter that he is allowed, when the directors will not pursue the guilty persons, or when they are themselves the alleged guilty persons, to bring the action himself. So it is said in the case of *Robinson* v. *Smith* (*ut supra*): ' The stockholders, who are the *real parties* in *interest*, would be permitted to file a bill.'

" A suit brought by a stockholder in such circumstances is brought in behalf of himself and all other stockholders. But that does not show that he has not an interest in the subject matter. He has his *pro rata* interest with all the stockholders, and the directors are managing for him his property.

" This is a very proper case for the relief provided in section 452 of the Code. Whatever may be the merits of the charges made by Beatley, it is absurd to say that in an action in the name of the corporation against its president and treasurer, controlled by them, any real investigation of their alleged misconduct will be had. It may be that this result will not be thoroughly accomplished, after Beatley shall be made a party defendant. But the forms of actions

are flexible under the present practice.   We are not prepared to say that Beatley, if made a defendant, may not, under section 521 of the Code, allege against the defendants Treman the mismanagement of which he complains.   Thus he may litigate the questions in which he is interested, notwithstanding any lukewarmness which the corporation plaintiff may naturally show in conducting the action.

"No one can be harmed by the order appealed from.   And as the Tremans are practically controlling both sides of the case, it is right that one who claims that they have mismanaged his property should be heard."

"The order is affirmed, with ten dollars costs and printing disbursements."

*J. McGuire,* for the appellants.

*L. E. Warren,* for the respondent.

Opinion by LEARNED, P. J.

Present — LEARNED, P. J., and BOARDMAN, J.; BOOKES, J., not acting.

Order affirmed, with ten dollars costs and printing disbursements.